IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETC SUNOCO HOLDINGS LLC | ) | |
| (formerly known as SUNOCO, INC.), | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:20-cv-2981 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant United States of America files its answer to the Plaintiff's Original Complaint

(ECF 1). Any allegation not admitted is denied.

**Affirmative Defenses**

First, the United States affirmatively pleads that, Plaintiff's claim is barred by collateral

estoppel. Collateral estoppel prevents the relitigation of the facts and legal conclusions that were

established in prior litigation between the Plaintiff, ETC Sunoco Holdings LLC (formerly

Sunoco, Inc.) ("Sunoco"), and the United States.[1]  The legal issue in this proceeding is the tax

treatment of Sunoco's alcohol fuel mixture credit for tax years 2010 and 2011.  Plaintiff

previously litigated the identical facts and legal issue as to tax years 2004-2009 and lost.

Second, if a refund were due, the United States may assert its rights of setoff against the

Plaintiff's tax liabilities.

---

[1] *Sunoco, Inc. v. United States,* 129 Fed. Cl. 322 (2016), *aff'd,* 908 F.3d 710 (Fed. Cir. 2018) ("*Sunoco
I*").

**NATURE OF THE ACTION**

1.      As to the allegations in paragraph 1, the United States admits that Plaintiff brings this action to recover federal income tax payments for tax years 2010 and 2011, but denies that the payments are overpayments and denies that the payments/overpayments were "erroneously" denied by the Internal Revenue Service.

2.      The first sentence of paragraph 2 is a statement of the Plaintiff's understanding and characterization of Congressional intent in enacting the alcohol fuel mixture credit and does not require a response.  The United States admits the allegation in the second sentence of paragraph 2.

3.      As to the allegations in paragraph 3, the United States denies the allegations in the first sentence of paragraph 3. As to the second sentence in paragraph 3, the United States admits that Plaintiff filed amended returns claiming a refund and admits that the claims were denied, but denies that Plaintiff was entitled to a refund and denies that the IRS' denial of Plaintiff's claim was erroneous.

**PARTIES**

4.      The United States admits the allegation at paragraph 4.

5.      The United States admits the allegation at paragraph 5.

6.      The United States admits the allegation at paragraph 6.

7.      The United States admits the allegation at paragraph 7.

**JURISDICTION AND VENUE**

8.      The United States admits the allegation at paragraph 8 that the Court has jurisdiction over the dispute under 28 U.S.C. § 1346(a)(1) but denies that the taxes were "erroneously" assessed and collected.  The United States admits the allegation at subparts 8a

though 8d, although the United States lacks sufficient information to determine whether the amounts listed in paragraphs (a)-(c) are correct.

9.     The United States admits the allegation at paragraph 9.

## FACTUAL BACKGROUND

10.     Paragraph 10 is Plaintiff's statement of its understanding and characterization of portions of the Internal Revenue Code not requiring a response.  To the extent a response is required, the allegations of paragraph 10 are denied.

11.     The United States admits the allegation at paragraph 11.

12.     The United States admits the allegation at paragraph 12.

13.     The United States admits the allegation at paragraph 13.

14.     The United States admits the allegation at paragraph 14.

15.     The United States lacks sufficient information as to the allegations in paragraph 15.

16.     The United States lacks sufficient information as to the allegations in paragraph 16.

17.     As to the allegations in paragraph 17, the United States admits that the Plaintiff reported excise taxes paid as reduced by the alcohol fuel mixture credit it received each year, but denies that this caused an understatement in its cost of goods sold and a corresponding overstatement of gross income.  The United States denies the allegations in the second sentence of paragraph 17.

18.     As to the allegations in paragraph 18, the United States admits that Plaintiff filed claims for refund making the stated adjustments but denies that there was an erroneous reduction of cost of goods sold.

19.      The United States admits the allegation at paragraph 19.

20.      The United States admits the allegation at paragraph 20.

21.      The United States admits the allegation at paragraph 21.

22.      The United States admits the allegation at paragraph 22.

## <u>CLAIM FOR RELIEF</u>

## COUNT I – OVERPAYMENT OF INCOME TAX – ALCOHOL FUEL MIXTURE CREDIT

23.      No response is necessary to paragraph 23.

24.      The United States denies the allegations in paragraph 24.

25.      As to the allegation at paragraph 25, the United States admits that the IRS disallowed Plaintiff's claims for a refund of income tax paid for 2010 and 2011 but denies that the disallowance was erroneous.

26.      As to the allegation at paragraph 26, the United States admits that the Plaintiff seeks relief, but denies it is entitled to the stated relief.  The United States denies the federal income taxes for 2010 and 2011 were erroneously assessed and collected by the IRS.

## CONDITIONS PRECEDENT

27.      As to the allegation in paragraph 27 on the conditions precedent having been satisfied, the United States admits that the Court has jurisdiction over the suit and that Plaintiff has filed a claim with the IRS for the funds that it is seeking in the lawsuit, but denies that it is entitled to the relief it seeks.

**PRAYER FOR RELIEF**

As to the Prayer for Relief, the United States acknowledges that Plaintiff seeks the stated

relief but denies it is entitled to such relief.

DAVID A. HUBBERT
Deputy Assistant Attorney General


/s/ *Ignacio Perez de la Cruz*
IGNACIO PEREZ DE LA CRUZ
MA Bar No. 672618
(214) 880-9759
Ignacio.Perezdelacruz@usdoj.gov
JONATHAN BLACKER
Texas Bar No. 00796215
(214) 880-9765
Jonathan.Blacker2@usdoj.gov
Attorneys, Tax Division
U. S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9741 (FAX)
ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I certify that on March 29, 2021, I electronically filed the foregoing document via the

Court's ECF system, which will send notification of such filing to the following:

Robert H. Albaral
Texas Bar No. 00969175
Robert.Albaral@bakermckenzie.com
BAKER & MCKENZIE LLP
1900 North Pearl Street
Dallas, TX 75201

George M. Clarke III
D.C. Bar No. 480073
George.Clarke@bakermckenzie.com
Vivek A. Patel
D.C. Bar No. 1033178
Vivek.Patel@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Avenue NW
Washington, DC 20006


/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ