IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETC SUNOCO HOLDINGS LLC<br>(formerly known as SUNOCO, INC.),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:20-cv-2981<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSED MOTION TO STAY PROCEEDINGS
### AND BRIEF IN SUPPORT

Plaintiff, ETC Sunoco Holdings LLC (formerly known as Sunoco, Inc.) ("Sunoco"), filed its Complaint on September 25, 2020 with this Court seeking a tax refund related to the income tax treatment of the Alcohol Fuel Mixture Credit. *See* Compl., ECF No. 1. On March 29, 2021, Defendant filed its Answer, denying that Sunoco was entitled to a refund and putting in dispute the threshold legal issue in this case: the proper application of 26 U.S.C. §§ 4081 and 6426. Answer ¶¶ 24-26, ECF No. 15. Pending before the U.S. Court of Appeals for the Fifth Circuit is *Exxon Mobil Corp. v. United States*, No. 3:16-cv-2921, 2018 U.S. Dist. LEXIS 149760 (N.D. Tex. Aug. 8, 2018), *appeal docketed*, No. 21-10373 (5th Cir. Apr. 14, 2021), which will resolve that same legal issue. Notwithstanding the pendency of *Exxon*, on May 5, 2021, Defendant moved for summary judgment on the basis of collateral estoppel related to Sunoco's prior litigation. In the interest of judicial efficiency and conserving the parties' and this Court's resources, including with respect to Defendant's motion for summary judgment, Sunoco moves to stay the case and respectfully shows as follows:

1

## I.  INTRODUCTION

1. Sunoco moves to stay all proceedings in this case, including all pre-trial and dispositive motion deadlines, pending the final determination of *Exxon Mobil Corp. v. United States*, No. 3:16-cv-2921, 2018 U.S. Dist. LEXIS 149760 (N.D. Tex. Aug. 8, 2018), *appeal docketed*, No. 21-10373 (5th Cir. Apr. 14, 2021).

2. This case should be stayed because *Exxon* involves the identical legal issue present in this case: the proper application of 26 U.S.C. §§ 4081 and 6426. Accordingly, a final determination of *Exxon* will be outcome determinative in this case. A stay is thus appropriate because it would further the interests of judicial economy and preserve the resources of the parties.

3. Further, a stay is appropriate because Defendant will suffer no undue prejudice from a limited stay in these proceedings while awaiting the decision of the Fifth Circuit.

4. Because conserving judicial resources and the other advantages of staying this case outweigh any potential prejudice inflicted on Defendant, Sunoco respectfully requests that this matter be stayed pending a decision in *Exxon*.

## II.  FACTUAL BACKGROUND

5. During Sunoco's 2010 and 2011 tax years, Sunoco performed fuel blending activities that qualified it for the Alcohol Fuel Mixture Credit under I.R.C. § 6426. Sunoco submitted claims for refund related to the Alcohol Fuel Mixture Credit on its amended tax returns, Forms 1120X, for tax years 2010 and 2011 on March 10, 2015. *See* Compl. ¶¶ 19-20, ECF No. 1; Answer ¶¶ 19-20, ECF No. 15. The IRS issued a notice of disallowance with respect to Sunoco's claims for refund for its 2010 and 2011 tax years on March 11, 2015. *See* Compl. ¶ 21; Answer ¶ 21. Sunoco filed its Complaint on September 25, 2020 with this Court, the U.S. District Court for the Northern District of Texas, seeking a tax refund related to the Alcohol Fuel Mixture Credit. *See* Compl.

6. In *Exxon Mobil Corp. v. United States*, Exxon similarly sought a tax refund for amounts it was due for performing qualifying activities relating to the Alcohol Fuel Mixture Credit under I.R.C. § 6426. *See* Complaint, *Exxon Mobil Corp. v. United States*, No. 3:16-cv-2921, (N.D. Tex. filed Oct. 18, 2016), ECF No. 1. The U.S. District Court for the Northern District of Texas denied on August 8, 2018 Exxon's motion for partial summary judgment and granted the United States' cross-motion for partial summary judgment with respect to the application of I.R.C. §§ 4081 and 6426. *See* Order, *Exxon*, No. 3:16-cv-2921, 2018 U.S. Dist. LEXIS 149760, ECF No. 80.

7. Exxon filed a Notice of Appeal on April 9, 2021, to appeal this Court's determination with respect to the application of I.R.C. §§ 4081 and 6426. Notice of Appeal, *Exxon*, No. 3:16-cv-2921, ECF No. 296. *Exxon* is currently docketed in the U.S. Court of Appeals for the Fifth Circuit, and pursuant to a recently issued briefing schedule, the opening brief is to be filed by June 21, 2021. *See* Briefing Notice, *Exxon*, No. 21-10373 (5th Cir. filed May 10, 2021).

8. On May 5, 2021, Defendant in this case filed a motion for summary judgment arguing that the doctrine of collateral estoppel should bar Sunoco from litigating this case. Def.'s Mot. Summ. J., ECF No. 19.

### III.     ARGUMENT

9. This Court has the inherent power to stay its proceedings pending a decision by the Fifth Circuit in *Exxon*. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.").

3

10. "The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court." *Miramore Tr. v. United Van Lines, LLC*, No. 3:15-cv-3049-D, 2017 U.S. Dist. LEXIS 23122, at *10 (N.D. Tex. Feb. 17, 2017) (quoting *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. Dist. LEXIS 126738 (D. Nev. Sept. 5, 2013)). These interests include (1) the potential prejudice to the nonmoving party from a brief stay; (2) the hardship to the moving party if the stay is denied; and (3) the "judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (citation omitted). As explained below, a stay in these proceedings will promote judicial efficiency and Defendant will not be unduly prejudiced by a stay pending a decision from the Fifth Circuit.

A.   **A Stay in this Case Would Promote Judicial Efficiency**

11. "Staying a case pending in a district court in the Fifth Circuit is appropriate when the district court anticipates that the Fifth Circuit will issue a ruling in an unrelated case that addresses unresolved issues in the stayed case." *Coker*, 161 F. Supp. 3d at 495 (citing *Lincoln Gen. Ins. Co. v. Autobuses Tierra Caliente, Inc.*, No. 3:04-cv-1535-L, 2006 U.S. Dist. LEXIS 61031 (N.D. Tex. Aug. 28, 2006) (staying case where similar issues were on appeal before the Fifth Circuit)); *see also Trinity Indus., Inc. v. 188 L.L.C.*, No. 3:02-cv-405-H, 2002 U.S. Dist. LEXIS 10701, at *7 (N.D. Tex. June 13, 2002) (noting that a district court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals). Courts routinely grant stays to promote judicial efficiency where an appellate case could "determine the appropriateness and necessity of the case before this Court." *Trinity*, 2002 U.S. Dist. LEXIS 10701, at *8.

12. The issue in *Exxon* is identical to the issue in this case, and a decision from the Fifth Circuit would resolve that issue. Because a decision in *Exxon* will "determine the appropriateness and necessity of the case before this Court," *Trinity*, 2002 U.S. Dist. LEXIS 10701, at *8, the issuance of a stay will promote judicial efficiency and avoid "expending unnecessary judicial resources" not only in this Court, but also from potential appeals to the Fifth Circuit. *Coker*, 161 F. Supp. 3d at 495; *see also ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967) (citing *Landis*, 299 U.S. 248).

13. The U.S. District Court for the Southern District of Texas, when presented with a similar situation, granted a materially similar motion to stay in a materially similar case involving Defendant. *See* Order Staying Case, *SPOC Holdings West LLC; dba Shell Oil Products US v. United States of America*, 4:18-cv-0374 (S.D. Tex. entered Dec. 31, 2018), ECF No. 25.

**B.   Defendant Would Experience No Undue Prejudice if the Stay is Granted**

14. Defendant will not suffer undue prejudice from a stay in these proceedings. With respect to Defendant's collateral estoppel motion, the parties and this Court would unnecessarily expend resources to further brief the issue, argue the motion before the Court, submit an opinion and decision, and potentially appeal the decision when, in the near future, the Fifth Circuit Court of Appeals may affirm *Exxon* and render it unnecessary to take up Defendant's motion. And granting a stay in this case would not preclude Defendant from arguing collateral estoppel if the Fifth Circuit vacates the decision of the U.S. District Court for the Northern District of Texas in *Exxon*. *See* Def.'s Mot. Summ. J., ECF No. 19.

15. Further, a Fifth Circuit decision in *Exxon* would provide clarity as to the controlling law in this circuit, and inform this Court's analysis of the collateral estoppel issue. "In the field of taxation, collateral estoppel has a somewhat narrower application: 'It must be confined to situations where the matter raised in the second suit is identical in all respects with that decided

5

in the first proceeding and where the controlling facts and applicable rules remain unchanged.'" *Hibernia Nat.'l Bank, Tr. Div. v. United States*, 740 F.2d 382, 387 (5th Cir. 1984) (quoting *Commissioner v. Sunnen*, 333 U.S. 591, 599-600 (1948)). In the Fifth Circuit, collateral estoppel "would not apply where there was a change in controlling legal principles between the two decisions." *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1167 (5th Cir. 1981) (discussing *Montana v. United States*, 440 U.S. 147 (1979)).

16.     Presently, there is no controlling law on the relevant issue for the Fifth Circuit, as only the U.S. District Court for the Northern District of Texas has addressed the relevant issue. However, that decision is not binding precedent and does not constitute "controlling law" or "applicable rules" in this case. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted).

17.     This Court has consistently rejected the binding authority of intra-district precedent. *See e.g.*, *Benavidez v. Irving Indep. Sch. Dist.*, 690 F. Supp. 2d 451, 462 (N.D. Tex. 2010) ("[T]here is no such thing as the 'law of the district.'") (quoting *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991)); *Beneficial Fin., Inc. v. Smith*, No. 3:14-cv-123-G-BN, 2014 U.S. Dist. LEXIS 24357, at *7-8 (N.D. Tex. Feb. 6, 2014) (clarifying that this Court is not bound by other decisions from this Court). While a district court is bound to follow precedent established by a court "superior to it," district courts are not bound to follow precedent even from within the same district. *Southwestern Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-0669-B, 2005 U.S. Dist. LEXIS 46874, at *14-*16 (N.D. Tex. Oct. 14, 2005); *see also Texas v. United States*, No. 7:15-cv-00056-O, 2016 U.S. Dist. LEXIS 92575, at *11 (N.D.

Tex. Feb. 2, 2016) ("[T]he law is clear that a district court's opinion does not have precedential value in other cases.") (citations omitted).

18. Based on the foregoing, this case should be stayed until the conclusion of *Exxon* so that this Court may properly analyze the applicable rules and controlling law on the issue in this case for purposes of deciding Defendant's collateral estoppel motion. If the Fifth Circuit decides for Exxon, the Court could address Defendant's motion for summary judgment at that point, without unduly prejudicing Defendant and in the context of having resolution of the controlling law in this Circuit. And if the Fifth Circuit decides for the United States in *Exxon*, and certiorari is denied, Defendant's motion for summary judgment would be moot because the controlling law of the circuit would dictate that Sunoco cannot prevail even on the merits. Accordingly, a stay in this case while the Fifth Circuit decides the threshold issue in this litigation is the most efficient path to resolving this dispute and best addresses the interests of the parties and this Court. *See Lincoln Gen. Ins. Co.*, 2006 U.S. Dist. LEXIS 61031, at *7-8 ("[T]he court believes it to be more judicially prudent to stay this action until the Fifth Circuit rules on the . . . appeal . . . .").

19. Lastly, the requested stay would be of limited duration, pending a decision by the Fifth Circuit in *Exxon*. The Circuit has set the opening brief deadline for June 21, 2021, less than six weeks from the filing of this motion. A brief stay in this case would not unduly prejudice Defendant and would promote judicial efficiency. *See, e.g.*, *Coker*, 161 F. Supp. 3d at 495.

## IV.     PRAYER

20. WHEREFORE, Sunoco respectfully requests that this Court grant its motion to stay this case and order the parties to report back to this Court within fourteen days of final determination in *Exxon* to advise the Court how the parties would recommend proceeding.

Dated: May 14, 2021

                        Respectfully submitted,

                        <u>/s/ Vivek A. Patel</u>
                        Vivek A. Patel
                        D.C. Bar No. 1033178, *Pro hac vice*
                        Vivek.Patel@bakermckenzie.com
                        George M. Clarke III
                        D.C. Bar No. 480073, *Pro hac vice*
                        George.Clarke@bakermckenzie.com

                        BAKER & MCKENZIE LLP
                        815 Connecticut Avenue NW
                        Washington, DC 20006
                        (202) 835-6184

                        Robert H. Albaral
                        Texas Bar No. 00969175
                        Robert.Albaral@bakermckenzie.com

                        BAKER & MCKENZIE LLP
                        1900 North Pearl Street
                        Dallas, TX 75201
                        (214) 978-3044


                        **ATTORNEYS FOR PLAINTIFF**
                        **ETC SUNOCO HOLDINGS LLC**
                        **(f/k/a SUNOCO, INC.)**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I certify that on May 14, 2021, I conferred with Jonathan L. Blacker, counsel for Defendant, in an attempt to resolve the issues raised by this motion. No agreement was reached because Defendant does not believe a stay is warranted and Defendant opposes the motion. Thus, the parties have been unable to resolve the matter.

/s/ Vivek A. Patel
Vivek A. Patel

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record upon its filing via this Court's CM/ECF electronic case filing system on May 14, 2021.

/s/ Vivek A. Patel
Vivek A. Patel

9