IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETC SUNOCO HOLDINGS LLC (f/k/a *Sunoco, Inc.*), ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | <br><br><br><br><br><br><br><br><br><br>Civil Action No. 3:20-CV-2981-C |

**ORDER**

Before the Court is ETC Sunoco Holdings, L.L.C.'s Motion to Stay Proceedings. Having considered the Motion, the Parties' briefing, and all applicable law, the Court is of the opinion that Plaintiff's Motion to Stay Proceedings should be **DENIED**.

**I.
BACKGROUND**

On September 25, 2020, ETC Sunoco Holdings, L.L.C. ("Plaintiff" or "Sunoco") moved to stay this proceeding pending the final determination of *Exxon Mobil Corp., v. United States*, No. 3:16-cv-2921, 2018 U.S. Dist. LEXIS 149760 (N.D. Tex. Aug. 8, 2018), appeal docketed, No. 21-10373 (5th Cir. Apr. 14, 2021). To provide a brief factual background, during Sunoco's 2010 and 2011 tax years, Sunoco performed fuel blending activities that allegedly qualified it for the Alcohol Fuel Mixture Credit ("Credit") under 26 I.R.C. § 6426. The IRS subsequently disallowed Sunoco's claims for refund for its 2010 and 2011 tax years. On May 5, 2021, Defendant, in this case, filed a motion for summary judgment arguing that the doctrine of collateral estoppel should bar Sunoco from litigating this case.

Sunoco asserts that a stay in this proceeding, while awaiting the Fifth Circuit's decision in *Exxon*, will promote judicial efficiency and that the United States will not be prejudiced. Defendant responds that Sunoco has not met the heavy burden to show that a stay is warranted.

## II.
## STANDARD

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). To determine whether a stay is appropriate, the Court weighs the parties competing interests and the Courts. *See Landris v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Miramore Trust v. United Van Lines, LLC*, No. 3:15-CV-3049-D, 2017 WL 661374, at *4 (N.D. Tex. Feb. 17, 2017).

## III.
## DISCUSSION

### *Sunoco Fails to Meet Its Burden to Show that a Stay is Warranted*

The Fifth Circuit has held that the *movant* (Sunoco) must show a clear case of hardship or inequity in being required to go forward.[1] Only in *rare circumstances* that display a *clear case of hardship or inequity* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.[2] No hardship or inequity is

---

[1] *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) ("[Movants] 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.") (quotation omitted)).

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (emphasis added). *See also SuperMedia Inc. V. Bell*, 2012 WL 5389683, at *1 (N.D. Tex. Nov. 2, 2012) (When there is a possibility that a stay will work damage to the non-movant, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward.") (quoting *Wedgeworth*, 706 F.2d at 545)).

2

displayed here, rather only the usual inconveniences and costs of participating in a lawsuit—which *Sunoco* chose to file.

Sunoco's claim that the case should be stayed does not line up with their strategic choice to file the case while *Exxon* was pending. Nor did Sunoco file an earlier Motion to Stay. Instead, Sunoco waited until after the United States filed a dispositive motion.

Further, little time or expense has been incurred on this suit so far. The United States' Motion for Summary Judgment does exactly what Sunoco claims to want to do; it *conserves* the parties' and Courts' resources. Other than drafting the Motion to Stay, Sunoco has not needed to spend any significant amount of time or resources thus far. Sunoco was aware of the risk that it would be required to expend *some* resources when it filed this case in this Court. The mere possibility that a party may incur extraneous fees and expenses is generally not enough to warrant a stay.[3]

The controlling law applicable to *Sunoco* is the Court of Federal Claims and the Federal Circuit's decision in *Sunoco I*. There has been no change in the facts or law applicable to Sunoco. Thus any contention about a possibility of "clarity" from the *Exxon* ruling does not warrant a stay.

---

[3] *See SuperMedia, Inc.*, 2012 WL 5389683, at *3 ("[T]ime and expense involved in defending a lawsuit" is not a "sufficient burden to meet the clear case of hardship or inequity standard" for a stay).

## IV.
## CONCLUSION

For these reasons set forth above, as well as those argued by Defendant, the Court hereby **ORDERS** that Plaintiff's Motion to Stay Proceedings be **DENIED**. The Court is of the opinion that Sunoco has not met its burden to show why a stay should be granted, nor has it demonstrated clear hardship or inequity.

SO ORDERED this 14th day of June, 2021.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE