**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

ETC SUNOCO HOLDINGS LLC
(formerly known as SUNOCO, INC.),      )
                                        )      Case No. 3:20-cv-2981
              Plaintiff,               )
                                        )
       v.                              )
                                        )
UNITED STATES OF AMERICA,              )
                                        )
              Defendant.               )
_____)

**UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

ETC Sunoco Holdings LLC (formerly Sunoco, Inc.) ("Sunoco") seeks to relitigate facts

and legal conclusions established in prior litigation between Sunoco and the United States.[1]  The

issue in this proceeding (the tax treatment of Sunoco's alcohol fuel mixture credit ("Mixture

Credit") for tax years 2010 and 2011) is the *identical* issue Sunoco litigated and *lost* for its tax

years 2004-09 in *Sunoco I*.   The ruling in *Sunoco I* is entitled to collateral estoppel effect in this

case.[2]

Sunoco does not dispute that the elements of collateral estoppel are satisfied.  Rather, it

devotes most of its response to (i) creating a diversionary issue by pointing to a conjectural

---

[1] *Sunoco, Inc. v. United States,* 129 Fed. Cl. 322 (2016), *aff'd,* 908 F.3d 710 (Fed. Cir. 2018) ("*Sunoco I*").

[2] Sunoco asserts that it needed to file this case "because the Internal Revenue Service ("IRS") refused to extend the statute of limitations during which Sunoco had to file this case. . . .  Sunoco tried to procure an additional extension so that this case would not need to be filed prior to the legal question being finally determined in this Circuit.  However, the relevant Government officials refused."  *See* Plaintiff's Brief in Support of its Response to Defendant's Motion for Summary Judgment ("Response"), Dkt. 25, pp.1-2. Sunoco does not allege any wrongdoing by the IRS in refusing to extend the statute of limitations. Rather, Sunoco made the "strategic choice to file the case while *Exxon* was pending."  *See* this Court's Order (Dkt. 24) denying Sunoco's request for a stay ("Order"), p. 3.

"potential change"[3] in the "legal landscape"[4] relating to the tax treatment of the Mixture Credit that it argues should obviate the application of collateral estoppel, and (ii) arguing that "special circumstances" apply preventing the application of collateral estoppel.[5]

The elements of collateral estoppel are satisfied.  First, the proper tax treatment of the Mixture Credit was explicitly determined in *Sunoco I*.  Second, it is incontrovertible that this legal issue and the accompanying facts were fully litigated by Sunoco.  Finally, the conclusions the courts reached in *Sunoco I*, and the ruling that the Mixture Credit must first be applied to reduce a taxpayer's gasoline excise-tax liability, with any remaining credit amount treated as a tax-free payment, were essential elements of the *Sunoco I* opinions.

Sunoco's assertions that there is a "potential" change in law, and that notions of "fairness" and the alleged presence of "special circumstances" somehow prevent this Court from applying collateral estoppel are misplaced.  This Court observed "[t]he controlling law applicable to Sunoco is the Court of Federal Claims and the Federal Circuit's decision in Sunoco I. ***There has been no change in the facts or law applicable to Sunoco***."[6]

Further, notwithstanding Sunoco's protestations to the contrary, the determination of whether "special circumstances" exist is neither necessary nor appropriate.  The Fifth Circuit held that the consideration of "special circumstances" only applies in cases of offensive collateral estoppel, not in cases involving traditional, "mutual" estoppel (*i.e.*, where both parties

---

[3] Response, p. 7.

[4] *Id.* p. 14.

[5] *Id.* pp. 8-12.

[6] Order, p. 3 (emphasis added).

were litigants in the prior action).[7]  There is also nothing "unfair" about applying collateral estoppel against Sunoco, because it already had its "day in court" with respect to its tax treatment of the Mixture Credit issue in *Sunoco I*.

### I.    The Elements of Collateral Estoppel are Satisfied

Both parties agree that collateral estoppel will apply if: (1) the issue in the second action is identical to the issue litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; and (3) the issue was necessary to support the judgment in the prior case.  A fourth requirement that there be "no special circumstances that would render issue preclusion inappropriate or unfair" is generally only applicable in offensive collateral estoppel cases.[8]  As explained below, offensive collateral estoppel is not at issue and thus the Court need not determine whether "special circumstances" are present.

The elements of collateral estoppel are satisfied.[9]  First, the critical issue in this case is the tax treatment of the Mixture Credit, and this was the sole legal question in *Sunoco I*.  Both the Court of Federal Claims and the Federal Circuit answered the legal question of whether Sunoco was entitled to claim the gross amount of the excise tax liability it incurred under I.R.C. § 6426(a)–(b), against its cost of goods sold, unreduced by the Mixture Credit.  The courts agreed Sunoco could not: Sunoco must include its net excise tax liability—with a reduction for the

---

[7] "Offensive" collateral estoppel arises when a Plaintiff seeks to estop a Defendant from relitigating an issue the defendant previously litigated and lost against another adversary.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979).

[8] *See Swate v, Hartwell*, 99 F.3d 1282, 1290 (5th Cir. 1996); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290, n.12 (5th Cir. 1995).

[9] *Petro-Hunt v. United States*, 365 F.3d 385 (5th Cir. 2004) cited by Sunoco is distinguishable.  The Court refused to apply collateral estoppel because the issues in the second case were not "identical" to the issues raised in the first case, and these issues were not "actually litigated."  The issue in this case is *identical* to the issue in *Sunoco I*, and there is no dispute that the issue was actually litigated.

Mixture Credit— in its cost of goods sold rather than include its gross excise tax liability.  The Mixture Credit reduced the amount of the I.R.C. § 4081 excise tax that Sunoco was required to pay, and only this amount of tax could be included in its cost of goods sold to compute its income tax liability.  The legal issue and the facts in *Sunoco I* are identical to those raised in this tax proceeding.

Second,  Sunoco fully and vigorously litigated the issues and the facts in *Sunoco I*. Sunoco does not dispute that the issue of the tax treatment of the Mixture Credit was actually litigated in *Sunoco I,* and it had a full and fair opportunity to litigate these issues and the underlying facts.  With over $300 million at stake in *Sunoco I*, Sunoco was incentivized to vigorously ligate the issues in that suit.  Sunoco was able to extensively brief the issues and was granted oral argument.  Finally, Sunoco appealed the issue to the Federal Circuit, giving it yet another opportunity to advance its arguments.

Third, the issues and facts determined in *Sunoco I* were necessary to support the Fnal Judgment.  It is indisputable that this element is satisfied.  The facts were undisputed and relied upon by the Court, and the applicability of the Mixture Credit to the excise tax was in fact the central, if not the only issue, in *Sunoco I*.  In its opinion, the Court reviewed (i) the language of the statute to determine whether it was ambiguous; (ii) the legislative history and determined that the legislative history favors the Government's interpretation; (iii) analogous cases and decided those cases also support the Government's position; and (iv) reviewed Sunoco's assertion that certain canons of construction support its case (the Court ruled they did not).  In the end, the Court produced a lengthy opinion addressing each of these issues, making them necessary to support the ruling in *Sunoco I.*

## II.    There Has Been No Change in Law Preventing Collateral Estoppel from Applying

Rather than address the elements of collateral estoppel, Sunoco's  points to a "potential change" in the "legal landscape" to avoid collateral estoppel's application.  In urging the Court to forestall the application of collateral estoppel pending this "potential" change in law, Sunoco essentially asks this Court to rewrite collateral estoppel law in the Fifth Circuit.  The Fifth Circuit has never held that a "potential" change (as opposed to an "actual" change) in the law is sufficient to preclude collateral estoppel, and this Court should decline Sunoco's invitation.

In furtherance of its desire to use a "potential" change in law to prevent collateral estoppel,  Sunoco's response reads like a wish-list of possibilities and speculative scenarios.  For example, Sunoco claims that (i) "[a]pplying collateral estoppel at this stage of the dispute *could* lead to Sunoco being held to a legal result different from every other taxpayer facing the same issue,"[10] (ii) "potential change in controlling legal principles … *could* be decided in favor of the taxpayer,"[11] (iii) "there *may* be an acute need for a Supreme Court decision,"[12]  (iv) "a decision for the taxpayer in either *Delek* or *Exxon* would create a Circuit split and *likely* lead to the Supreme Court addressing this issue,"[13] and (v) "[a]pplying collateral estoppel at this stage of the dispute *could* lead to Sunoco being held to a legal result different from every other taxpayer facing the same issue . . . [and]   [t]he substantial *possibility* of this disparity presents special

---

[10] Response, p. 1 (emphasis added).

[11] *Id.* p. 7 (emphasis added).

[12] *Id.* p. 7, n.3 (emphasis added).

[13] *Id.* p. 8 (emphasis added).

circumstances that make application of collateral estoppel inappropriate and unfair in this case."[14]

None of these hypothetical scenarios has occurred, a fact that Sunoco admits in its Response.  Sunoco states that "[w]hile a change in law has not yet occurred in this case, it would be premature to apply collateral estoppel at this stage given the pendency of a *potential* change."[15]

The application of collateral estoppel does not rest on occurrences that "could," "may," or are "likely" to happen, or are a mere "possibility."  As this Court ruled, "[t]he controlling law applicable to *Sunoco* is the Court of Federal Claims and the Federal Circuit's decision in *Sunoco I*. . . . There has been no change in the facts or law applicable to Sunoco."[16]

### III.   Because This Case Does Not Involve Offensive Collateral Estoppel, a Determination of Whether "Special Circumstances" Applies is Neither Necessary Nor Appropriate

In a last-ditch effort to prevent collateral estoppel, Sunoco tries to inject "special circumstances" into this case, arguing that this is a "fourth factor" courts must look at when determining whether estoppel applies.  Sunoco is mistaken.

The Fifth Circuit has explicitly held that

Collateral estoppel prevents litigation of an issue when: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.' *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 290 (5th Cir.2005). As the District Court stated, some of our decisions recognize a fourth factor, namely, whether there are any special circumstances that make it unfair to apply the doctrine. These *equitable considerations apply only to 'offensive collateral estoppel.' See Swate v. Hartwell (In re Swate),* 99 F.3d 1282, 1290 (5th Cir.1996) (noting

---

[14] *Id.* p. 1 (emphasis added).

[15] *Id.* p. 7, n.3 (emphasis added).

[16] Order, p. 3.

that some of our decisions improperly suggest the equitable factor applies to all collateral estoppel situations).[17]

The Fifth Circuit concludes that "if a case involves mutual estoppel, i.e., where both parties were litigants in the prior action, 'an inquiry into special circumstances is unnecessary.'"[18]

The fourth requirement ("special circumstances" rendering collateral estoppel unfair), applies only to the use of offensive (non-mutual) collateral estoppel.[19]  This case involves the application of defensive (mutual) collateral estoppel, because both parties are the same as the prior action.  Thus, the Court need not address whether "special circumstances" are present.

## CONCLUSION

The United States is entitled to collateral estoppel.  Sunoco is bound by the ruling in *Sunoco I* that the Mixture Credit reduced the amount of the I.R.C. § 4081 excise tax that Sunoco had to pay and that only this amount of tax (the *net* excise tax amount) is included in its cost of goods sold for purposes of computing its income tax liability.

The elements of collateral estoppel are met: (i) the Court of Federal Claims and the Federal Circuit decided the taxability of the Mixture Credit in *Sunoco I*; (ii) Sunoco had a full and fair opportunity to litigate this issue and did so; and (iii) determining these issues was necessary to the Court's judgment in *Sunoco I*.  Further, there has been no change in the facts or law applicable to Sunoco.  And finally, because this case involves defensive (mutual) collateral estoppel, a consideration of whether "special circumstances" is unnecessary.

---

[17] *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013) (emphasis added).

[18] *Id.* at 549 (citing *Swate*, 99 F.3d at 1290).

[19] *See Kariuki v. Tarango,* 709 F.3d 495, 506 (5th Cir. 2013); *GREE, Inc. v. Supercell Oy,* 2021 WL 1160413, at *2 (E.D. Tex. Feb. 9, 2021) (The fourth element (special circumstances rendering estoppel unfair) applies only to the use of offensive, non-mutual collateral estoppel by the Plaintiff (citing *Kariuki*, 709 F.3d at 506)).

WHEREFORE, the United States requests that the Court apply collateral estoppel to prevent the relitigation of matters decided in *Sunoco I*.

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER
Texas Bar No. 00796215
IGNACIO PEREZ DE LA CRUZ
Massachusetts Bar No. 67261
Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9765
(214) 880-9759
(214) 880-9741 (FAX)
Jonathan.Blacker2@usdoj.gov
Ignacio.PerezdelaCruz@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record and those requesting notice.

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER